MARTÍNEZ, INTERVENOR AND APPELLANT, v. MORA ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action
of Intervention.

No. 2963.—Decided May 9, 1924.

MORTGAGE—FORECLOSURE—JOINT OWNERSHIP—DIVISION OF PROPERTY—INDIVISI-
BILITY OF MORTGAGE.—The mortgagee in a mortgage created by joint owner
A on his undivided common interests in several properties that were con-
solidated later and divided between them by joint owners A and B, can
not include, in foreclosing his mortgage, the part of the property allotted
to B, because section 406 of the Civil Code, as amended by Act No. 15 of
1916, while providing that joint interests may be mortgaged, prescribes that
the effect of the mortgage in relation to the part-owners shall be limited
to the share which may be allotted to them in the division upon the termina-
tion of the common ownership.

The facts are stated in the opinion.
*Mr. J. Alemañy Sosa* for the appellant.
*Mr. J. Sabater* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Luis Vilella and Jesús María Rodríguez were the owners
in undivided common of four rural properties recorded in
the registry of property. Jesús María Rodríguez mortgaged
his joint interests in those properties to José Mora y Pol
and the mortgage was recorded. Thereafter the co-owners
Vilella and Rodríguez executed a deed whereby they con-
solidated the said four properties into a single property
and divided it between themselves into two definite parts,
all of which was made to appear in the registry of prop-
erty. Vilella sold his part to Arsenio Martínez.

José Mora Pol afterwards brought foreclosure proceed-
ings against Rodríguez in order to recover on his mortgage
and caused notice of the proceedings to be given to Arsenio
Martínez, alleging that the property purchased by him was

subject to the mortgage, because the consolidation and segregation were made after the mortgage had been recorded.

Arsenio · Martínez brought an action of intervention against Mora and Rodríguez, praying that the segregated portion purchased by him from Vilella be adjudged not subject to the said mortgage or to the foreclosure proceedings. Judgment was rendered against him and he took the present appeal, in which the defendants made no appearance.

The ground on which the trial court dismissed the complaint was that although any co-owner may mortgage his undivided interest in a property, yet the whole property responds to the mortgage, because it is indivisible and directly subjects the property on which it is created, whoever may be in possession of it, to the performance of the obligation thereby secured, citing articles 105, 122 and 123 of the Mortgage Law and section 1777 of the Civil Code.

These rules are applicable to mortgages created on the whole of a property, but not to the present case wherein the mortgage covered only the undivided interest of Rodríguez in the several properties. The whole of the property was not mortgaged, but only an undivided interest of it; therefore the whole property is not subject to the mortgage, which affects only the undivided interest mortgaged.

In cases of mortgages created on common interests the rule applicable is contained in section 406 of the Civil Code, as amended by Act No. 15 of 1916, which in declaring that condominiums may be mortgaged, prescribes that the effect of such mortgage in relation to the joint owners shall be limited to the share which may be allotted to them in the division upon the termination of the common ownership. On this point Manresa, in his Commentaries on the Spanish Civil Code, at page 490 of volume 3, says:

"The Civil Code, after having established the indisputable right of all and each of the co-owners to alienate, assign or mortgage, and even substitute another person in the enjoyment of the common property, without other limitation than that necessarily imposed by

the very nature of the property when personal rights are involved, prescribes in the second part of this article absolutely that the effect of such acts granted to the co-owner is limited to the share that may be allotted to him upon the termination of the common ownership by the division of the property or rights. The doctrine is so clear and the jurisprudence of the Supreme Court on this point so explicit (judgments of October 13, 1866, November 18, 1879, December 29, 1905, July 5, 1907, etc.) that no explanation is necessary.''

And on page 521 he expresses himself as follows:

''It is true that each common owner during the common ownership may give, alienate, exchange and even *mortgage his undivided interest,* and that the mortgagees may cause it to be levied on and sold without waiting until a division is made; but it is likewise true that the effect of such mortgage being limited to the portion that may be allotted to the mortgagor upon the termination of the common ownership, a part which until then is abstract, ideal and, therefore, undetermined, the judicial sale, even in the case of a mortgage, shall be made not of this or that real or personal property, but of the share representing the interest of the mortgagor in the whole common and undivided property, because, as is very appropriately said in the Portuguese Code (section 2177), 'the co-owner, while the thing remains undivided, can not dispose *definitely* of a part of the common property, unless it has first been allotted to him as his share.' Our jurisprudence has expressly held the same (see judgments of the Supreme Court of October 13, 1866, and November 18, 1879.)''

Further on, at page 530, he says:

''However, the general theory of the indivisibility of the mortgage must be subordinate to the provisions of the last subdivision of article 399 of the Civil Code. Hence, in case the mortgage originates from a private obligation of the co-owner contracted by him during the existence of the common ownership, the mortgage is limited in its legal effects, as we said in commenting upon said article, to the portion belonging to the obligor after the dissolution of the common ownership.''

Considering what has been said and that the division of the joint ownership was made by the co-owners, without the necessity of the mortgagee's intervention, the portion allot-

ted to mortgagor Rodríguez is alone answerable for the mortgage, except in case of fraud in the division, in which case the mortgagee has an action for the annulment of the division.

For the foregoing reasons the judgment appealed from must be reversed and substituted by another adjudging that the property allotted to Vilella in the division of the common estate and purchased by Martínez, the intervenor, does not answer for the mortgage created by Rodríguez in favor of defendant Mora on his undivided interest, with costs against defendant Mora.

*Reversed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.